UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br>Plaintiff,<br>v.<br>DAVID BAUGMAN, et al.,<br>Defendants. | Case No. 23-cv-02544-JST<br><br>**ORDER OF DISMISSAL; DENYING PENDING MOTIONS AS MOOT**<br><br>Re: ECF Nos. 12, 14 |

Plaintiff, an inmate housed at California State Prison – Sacramento, has filed this *pro se* civil rights case under 42 U.S.C. § 1983. His amended complaint (ECF No. 13) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Amended Complaint**

The amended complaint again names as defendant three Santa Clara County officials: public defender Michelle Vasquez, prosecutor Patrick Vanier, and Judge Kenneth Shapero.[1] The amended complaint is difficult to understand. It appears to challenge the conviction and sentence pursuant to which Plaintiff is in custody. The amended complaint alleges that defendant Vasquez gave Plaintiff "bad" or incorrect legal advice and that she committed "indifference" in reading out the witness statement of Cicia Liliana Ojeda; that Plaintiff was falsely charged and that defendant Vanier was responsible for this false charge; that defendant Vanier knew that Plaintiff had not committed any "use of force," "invent[ed]" that witness Ojeda had been injured," and knew that witness Ojeda was lying; that Plaintiff was defamed by the false charge; that Plaintiff was charged twice for the same action; that defendant Shapero "commit[ed] contempt, disrespect," and denied Plaintiff a fair trial when he denied Plaintiff's requests; that Defendants conspired to deny Plaintiff a fair trial and took advantage of Plaintiff, knowing that he was illiterate, did not understand court rules or law, and did not speak English. Plaintiff requests that he either be released from prison or granted a new trial. Plaintiff also requests that if it is determined that Defendants acted improperly or illegally, that he be awarded monetary compensation. *See generally* ECF No. 13.

/ / /

---

[1] The amended complaint also names Warden David Baugman as a defendant in the caption, but does not list Warden Baugman as a defendant in Section II or reference Warden Baugman in the body of the complaint.

2

**C.     Dismissal**

Plaintiff is challenging the validity of his conviction and confinement. Challenges to a conviction must be brought in a petition for a writ of habeas corpus, not in a civil rights action pursuant to 42 U.S.C. § 1983. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (habeas is "exclusive remedy" for prisoner who seeks "'immediate or speedier release'" from confinement) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the validity of any confinement. . . are the province of habeas corpus.'") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). This action is therefore DISMISSED without prejudice to Plaintiff raising his challenges to the validity of his conviction in a petition for a writ of habeas corpus should he so choose.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action without prejudice to Plaintiff raising his challenges to the validity of his conviction in a petition for a writ of habeas corpus. The Clerk shall send Plaintiff two copies of the form petition for a writ of habeas corpus, terminate all pending motions as moot, enter judgment in favor of Defendants and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: July 28, 2023

_____
JON S. TIGAR
United States District Judge